United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Santos Castillo,<br><br>        Plaintiff,<br><br>    v.<br><br>Chase Bank, Inc., et al.,<br><br>        Defendants.<br>_____/ | No. C 09-0458 JL<br><br>REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DENY TRO, DISMISS STATE LAW CLAIMS WITHOUT PREJUDICE TO RE-FILING IN STATE COURT, AND DISMISS FEDERAL CLAIM WITH LEAVE TO AMEND. |

    Plaintiff filed his complaint and his request for a Temporary Restraining Order ("TRO") enjoining Defendant Chase Bank from foreclosing on his property, preventing a trustee's sale, and recording a *lis pendens* with the San Mateo County recorder's Office. His complaint alleges twelve causes of action, of which all but one are brought pursuant to California law. His sole federal claim, Count One, is for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. Plaintiff does not assert jurisdiction pursuant to diversity of citizenship. Presumably he is a California citizen, since his home, according to the address on his pleadings, is in San Francisco. He alleges that defendant Chase does business in South San Francisco, San Mateo County, California. Accordingly the Court can only assume that he asserts original jurisdiction due to his claim under the federal Fair Debt Collection Practices Act. Under a section of his complaint headed "Mandatory Authority," he

lists a number of federal statutes, including some provisions of the Bankruptcy Code, but does not proffer any facts to support these as a basis for jurisdiction in this court.

His claims under California law are for:

Count Two: Violation of "Uniform Commercial Code" C.C.P. §2924 foreclosure proceedings;

Count Three: unspecified violation of foreclosure proceedings, transfer for less than fair market value;

Count Four: Violation of foreclosure proceedings by failure to send notice of time and location of sale;

Count Five: Violation of foreclosure proceedings by malice, fraud, or oppression;

Count Six: Violation of California Civil Code §2924, et seq., Plaintiff's wrongful deprivation of title to his property;

Count Seven: Fraud;

Count Eight: Usury;

Count Nine: Abuse of process;

Count Ten: Intentional Infliction of Emotional Distress;

Count Eleven: Trespassing;

(Presumably) Count Twelve: Quiet title.

Plaintiff demands six million dollars in compensatory and punitive damages, issuance of a "rule nisi," that the Court void the notice of default and election to sell under deed of trust and the trustee's sale, for a judgment rescinding the promissory note, for a declaration that Plaintiff is the prevailing party, for a declaration that any security interests and promissory notes are void, and for such further relief as the Court deems just and proper.

Plaintiff has not consented to the jurisdiction of this Court pursuant to 28 U.S.C. §636(c). Normally the court deals expeditiously with an application for a TRO. Plaintiff's mailing address on his pleadings is "c/o", so it is unclear where he resides, and he lists no telephone number. This Court finds that there is insufficient time to solicit and receive

consent from Plaintiff and Defendants, who have not yet been served with the Summons and Complaint. Accordingly, the Court must refer this case for reassignment to a district court judge. In addition, this Court makes the following findings and recommendation.

**Application for a Temporary Restraining Order**

Northern District of California Civil Local Rule 65-1, Temporary Restraining Orders, provides:

(a) Documentation Required. An ex parte motion for a temporary restraining order must be accompanied by:

(1) A copy of the complaint;

(2) A separate memorandum of points and authorities in support of the motion;

(3) The proposed temporary restraining order; and

(4) Such other documents in support of the motion which the party wishes the Court to consider.

(b) Notice to Opposition of Ex Parte Motion. Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party.

In the case at bar, Plaintiff arguably provides a copy of the complaint, a memorandum of points and authorities and a proposed order. However, he presents neither evidence that he notified Defendants of his application, nor good cause why he should be relieved of the obligation to serve a copy of the application on Defendants. For this reason alone, the TRO should be denied.

In addition, the Court must find that Plaintiff will suffer irreparable harm if the application is not granted, and also that he has a likelihood of prevailing on the merits of his complaint, the same as the finding necessary to grant a preliminary injunction. In order to obtain a temporary restraining order, an applicant must either show (1) that she has a likelihood of success on the merits combined with the possibility of irreparable injury, or (2) that serious questions exist going to the merits and that the balance of hardships tips sharply in her favor. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204-05 (9th

Cir.2000) (stating the test for a preliminary injunction; the standard for a temporary restraining order is identical); see also *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F.Supp. 1320, 1323 (N.D.Cal.1995). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1155 (9th Cir.2006). Thus, the "greater the relative hardship to the moving party, the less probability of success must be shown." *National Ctr. for Immigrants Rights, Inc. v. Immigration and Naturalization Serv.*, 743 F.2d 1365, 1369 (9th Cir.1984). "As an 'irreducible minimum,' the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir.1987). However, "[u]nder any formulation of the test, the moving party must demonstrate a significant threat of irreparable injury." *Id.*

In this case, Plaintiff's losing his home would of course be an irreparable injury, but he demonstrates virtually no likelihood of prevailing on the merits. As discussed in more detail below, his state law claims do not belong in this Court, since they utterly predominate over the throwaway federal claim. In addition, the federal claim must be dismissed for failure to state a claim, albeit with leave to amend, which is probably futile.

For the following reasons, the Court finds that it is highly unlikely that Plaintiff will prevail on the merits, and thus recommends denial of the application for a TRO. The Court examines the merits of Plaintiff's complaint.

### FRCP 12(b)(1): Subject Matter Jurisdiction

Fundamentally, federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). The presumption is that federal courts are "without jurisdiction unless the contrary affirmatively appears ." *Fifty Associates v. Prudential Ins. Co. of America,* 446 F.2d 1187, 1190 (9th Cir.1970). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978).

A plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); F.R.Civ.P. 8(a)(1).

A motion to dismiss for want of subject matter jurisdiction pursuant to FRCP 12(b)(1) may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Sherman v. Yakahi*, 549 F.2d 1287 (9th Cir.1977).

## 8 U.S.C. §1367(c)

The district courts may decline to exercise supplemental jurisdiction over a claim falling under subsection 8 U.S.C. § 1367(a) if:

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

The court in the *Executive Software* case, in analyzing the legislative history of §1367(c) suggested a checklist for analysis of motions to dismiss pursuant to FRCP 30(b)(1): "Congress intended the exercise of discretion to be triggered by the court's identification of a factual predicate that corresponds to one of the section 1367(c) categories. Once that factual predicate is identified, the exercise of discretion, of course, still is informed by whether remanding the pendent state claims comports with the underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.'" ( to undertake a case-specific analysis.) *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*  24 F.3d 1545,

1557 (9th Cir.1994).

This Court therefore proceeds to discern whether there is in this case a factual predicate that corresponds to one of the 1367(c) categories, and then to examine the issues of economy, convenience, fairness, and comity, as applied to this case.

The Court finds that the state law claims predominate over the federal claim. Mere numbers are not enough - just because there are six causes of action under California law and only one under federal law, the state law causes of action do not automatically predominate.

The provisions of 42 U.S.C. §1367(c)(2) specifically allow a district court to decline to exercise supplemental jurisdiction over state claims where the state claims "substantially predominate over the claim or claims over which the district court has original jurisdiction." 42 U.S.C. §1367(c)(2). The United States Supreme Court has repeatedly held that supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." *City of Chicago v. International College of Surgeons,* 522 U.S. 156, 172, (1997), (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)).

Where it appears that the state issues substantially predominate in terms of proof, the scope of the issues raised, or the comprehensiveness of the remedy sought, the district court has full discretion to dismiss those state claims without prejudice to be left for resolution to state courts. *United Mine Workers v. Gibbs, supra*, 383 U.S. at 726; *Dezell v. Day Island Yacht Club* 796 F.2d 324 (9th Cir. 1986). Moreover, where the federal claims appear on the face of the complaint to be weaker than the state claims, it is proper to decline to exercise pendent jurisdiction over those state claims. *Diven v. Amalgamated Transit Union* 38 F.3d 598, 602 (DC Cir. 1994).

Plaintiff's Complaint is primarily premised on state causes of action against the defendant bank and title company. This is a quiet title action, by which Plaintiff is attempting to reclaim his house from foreclosure.

In sum, the crux of Plaintiff's Complaint against Defendants seeks liability under the

California Civil Code for violations of foreclosure regulations, and associated tort claims for fraud and intentional infliction of emotional distress arising from those alleged violations. These state causes of action substantially predominate over Plaintiff's one federal claim. Given the predominance of these state claims, this Court recommends that the district court exercise its discretion to dismiss Plaintiff's Second, Third, Fourth, Fifth, Sixth, Seventh, Eight, Ninth, Tenth, Eleventh and Twelfth Causes of Action without prejudice to their being re-filed in state court, and to dismiss Plaintiff's First Cause of Action with leave to amend to allege specific facts which would support a claim for violation of the federal Fair Debt Collection Practices Act.

### FRCP 8(a)

Rule 8(a), Federal Rules of Civil Procedure, requires that a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In this case, Plaintiff states absolutely no facts in support of his claim for relief under the Fair Debt Collection Practices Act. He makes only the conclusory statement that:

> "The Defendants, Chase Bank, Inc., and DOES 1-20, did unlawfully violate Fair Debt Collection Practices Act with foreclosure proceedings. As licensees doing business as third party debt collectors, Chase Bank, Inc. Are required to comply with the provisions of the Fair Debt Collection Practices Act." (Complaint at ¶10)

Accordingly, he fails to satisfy the mandate of Rule 8 and his federal claim must be dismissed.

### Court has discretion to grant or deny leave to amend

Under Rule 15(a)(1), Federal Rules of Civil Procedure, a plaintiff ordinarily has a right to amend the complaint once as a matter of right, prior to being served with a

responsive pleading. The district court may, therefore exercise its discretion to permit Plaintiff to amend his federal claim.

### Conclusion and Order

This Court accordingly refers this case for reassignment to a district court judge with the recommendation that the application for a Temporary Restraining Order be denied, on the grounds that Plaintiff failed to notify Defendants, in violation of Civil Local Rule 65-1, and that his likelihood of succeeding on the merits is virtually nil. The Court also recommends that Plaintiff's claims under state law be dismissed for lack of subject matter jurisdiction, pursuant to Rule 30(b)(1), Federal Rules of Civil Procedure, without prejudice to their being re-filed in state court, and that the sole claim under federal law, for violation of the Fair Debt Collection Practices Act, be dismissed with leave to amend, pursuant to FRCP 8(a), for failure to state a claim. Plaintiff should be ordered to amend his complaint within thirty days, stating facts supporting his claim, specifically how Defendants violated his rights under the FDCPA. Should he fail to do so, his complaint under federal law should be dismissed with prejudice.

Respectfully submitted.

DATED: February 5, 2009

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\09-0458 Ord-Ref.Reassign. with Rec..wpd